JOURNAL ENTRY AND OPINION
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Appellant Jeffrey Elko appeals from the judgment of the Cuyahoga County Court of Common Pleas entered on April 7, 2004, which denied Elko's motion to withdraw his guilty plea. For the reasons adduced below, we affirm.
 {¶ 3} Elko was charged in a six-count indictment with kidnapping, rape, gross sexual imposition, felonious assault (two counts), and intimidation. All counts, except the intimidation count, included specifications. On recommendation of the prosecutor, counts one and four (kidnapping and felonious assault) were amended to delete all specifications and the notice of prior conviction; and count two (gross sexual imposition) was amended to sexual battery. Elko pled guilty to the amended charges, and the remaining counts (three, five and six), were nolled. Elko was sentenced to two six-year terms of incarceration and one four-year term of incarceration, to run concurrently with each other and concurrently with a sentence imposed on Elko in another case. The court also classified Elko as a sexually oriented offender.
 {¶ 4} Six months after sentencing, Elko filed a motion to withdraw his guilty plea. Elko claimed that his plea was not knowingly, intelligently, and voluntarily entered. In his motion, Elko argued that he was rushed into the plea after he was found guilty in another case and that his attorneys pressured him into entering a plea of guilty. Attached to the motion was an affidavit of Elko and an affidavit of his grandmother, Elizabeth Elko. The affidavits state that Elko was placed under duress and was coerced into taking the plea deal by the courtroom deputy, his attorneys, and his grandmother.
 {¶ 5} The trial court denied Elko's motion without a hearing. Elko filed this appeal, raising one assignment of error that provides:
 {¶ 6} "I. Defendant was denied due process of law when the court overruled defendant's motion to withdraw his plea without an evidentiary hearing."
 {¶ 7} An evidentiary hearing on a post-sentence motion to withdraw a guilty plea "is not required if the facts as alleged by the defendant, and accepted as true by the court, would not require that the guilty plea be withdrawn." State v. Blatnik
(1984), 17 Ohio App.3d 201, 204. Only when the appellant can establish that he must be permitted to change his plea to avoid a manifest injustice will a court allow him to withdraw his plea.State v. Smith (1977), 49 Ohio St.2d 261; Crim.R. 32.1. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal and later withdrawing the plea if the sentence is unexpectedly severe. State v. Caraballo (1985), 17 Ohio St.3d 66, citingState v. Peterseim (1980), 68 Ohio App.2d 211.
 {¶ 8} In this case, Elko claims his plea was not knowingly, intelligently, and voluntarily entered. However, Elko failed to file a transcript of the original plea in accord with App.R. 9(B); therefore, it is impossible for us to review the actual plea. When the transcript, or portion thereof, necessary for the determination of an assigned error is omitted, a reviewing court must presume the validity of the proceedings below. See Hartt v.Munobe, 67 Ohio St.3d 3, 7, 1993-Ohio-177.
 {¶ 9} As stated by the Supreme Court of Ohio in Knapp v.Edwards Laboratories (1980), 61 Ohio St.2d 197: "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." Id. at 199.
 {¶ 10} Pursuant to the foregoing authority, we presume that the trial court substantially complied with the requirements of Crim.R. 11, and Elko's plea of guilt was made knowingly, intelligently, and voluntarily.
 {¶ 11} Insofar as Elko attached affidavits to his motion claiming his plea was coerced, these self-serving affidavits are insufficient to overcome the presumption that the plea was voluntary. See State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569. It has been recognized that "evidence out of the record in the form of petitioner's own self-serving affidavit alleging a constitutional deprivation will not compel a hearing."State v. Dudley (Dec. 22, 2000), Trumbull App. No. 99-T-0166, quoting State v. Combs (1994), 100 Ohio App.3d 90, 98. "In order to require an evidentiary hearing, a petitioner needs to submit something such as a letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea."State v. Dudley (Dec. 22, 2000), Trumbull App. No. 99-T-0166 (internal citation omitted).
 {¶ 12} We also note that Elko waited over six months after entering his guilty plea to file his motion to withdraw. Although there is no prescribed time limit after the imposition of sentence during which a motion to withdraw a plea of guilty must be made, it has been held that an undue delay between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. Statev. Smith (1977), 49 Ohio St.2d 261, 265, citing Oksanen v.United States (8th Cir. 1966), 362 F.2d 74. We find that the trial court did not abuse its discretion in declining to find a manifest injustice warranting the extraordinary step of negating Elko's plea six months after entry thereof.
 {¶ 13} For all of the above reasons, we conclude that the trial court did not abuse its discretion in overruling Elko's motion without a hearing. Elko's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., and Sweeney, J.*, Concur.
*Sitting by assignment: Judge James D. Sweeney, retired, of the Eighth District Court of Appeals.