JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Eric Masterson, appeals his conviction and sentence. We affirm in part, and reverse and remand in part.
 {¶ 2} An indictment charged Masterson with the following crimes: aggravated burglary, with a one-and three-year firearm specification; burglary, with a one-and three-year firearm specification; theft, with a one-and three-year firearm specification; felonious assault; and assault on a peace officer. Masterson pleaded guilty to count one as amended, aggravated burglary, with a one-year firearm specification, and count four as indicted, felonious assault. Masterson was sentenced to ten years imprisonment.
 {¶ 3} Masterson filed a motion for reconsideration of his sentence and a motion to withdraw his plea. The trial court denied the motion to withdraw the plea without a hearing. The court did not rule on the motion for reconsideration of the sentence and it, therefore, is deemed denied. See State v. Whitaker, Cuyahoga App. No. 83824, 2004-Ohio-5016, at ¶ 32.
 {¶ 4} Masterson presents five assignments of error for our review. In the first three assignments, Masterson contends that: 1) his plea was not knowingly, intelligently, and voluntarily made; 2) his plea was the result of ineffective assistance of counsel and; 3) the trial court erred by denying his motion to withdraw his plea. The issues raised in these assignments are interrelated and will be addressed together.
 {¶ 5} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which states: *Page 4 
 {¶ 6} "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 7} Accordingly, a defendant who attempts to withdraw a guilty plea after sentence has been imposed bears the burden of demonstrating a manifest injustice. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. This court has stated that "[a] manifest injustice is defined as a `clear or openly unjust act[,]' * * * `an extraordinary and fundamental flaw in the plea proceeding.' `[M]anifest injustice' comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her." State v. Sneed, Cuyahoga App. No. 80902, 2002-Ohio-6502, at ¶ 13.[1]
 {¶ 8} "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra at paragraph two of the syllabus. Our review is limited such that we cannot reverse the trial court's denial of the motion unless we find that the ruling was an abuse of discretion. Id.
 {¶ 9} A trial court need not hold an evidentiary hearing on a post-sentence motion to withdraw a guilty plea if the record indicates the movant is not entitled to relief and the *Page 5 
movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. State v. Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001, at ¶ 12 (citations omitted).
 {¶ 10} Ineffective assistance of counsel is a proper basis for seeking post-sentence withdrawal of a guilty plea. State v. Dalton,153 Ohio App.3d 286, 2003-Ohio-3813, at ¶ 18, 793 N.E.2d 509; State v. Hamed(1989), 63 Ohio App.3d 5, 7, 577 N.E.2d 1111. Moreover, a guilty plea is not voluntary if it is the result of ineffective assistance of counsel.State v. Banks, Lorain App. No. 01CA007958, 2002-Ohio-4858, at ¶ 16.
 {¶ 11} A claim of ineffective assistance of counsel requires a showing that the lawyer's conduct fell below professional standards and that the defendant was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v.Johnson, 88 Ohio St.3d 95, 108, 2000-Ohio-276, 723 N.E.2d 1054. When a defendant claims ineffective assistance after entering a guilty plea, he must also show that the ineffective assistance precluded him from entering the plea knowingly and voluntarily. State v. Doak, Columbiana App. Nos. 03 CO 15, 13 CO 31, 2004-Ohio-1548, at ¶ 55; State v.Sopjack (Dec. 15, 1995), Geauga App. No. 93-G-1826, at 11.
 {¶ 12} A lawyer's mistaken prediction about the likelihood of a particular outcome after correctly advising the client of the legal possibilities is insufficient to demonstrate ineffective assistance of counsel. State v. Creary, Cuyahoga App. No. 82767, 2004-Ohio-858, at ¶ 10, citing United States v. Sweeney (C.A.2, 1989), 878 F.2d 68, 70. See, also, State v. Williams, Cuyahoga App. No. 88737, 2007-Ohio-5073, at ¶ 34. *Page 6 
 {¶ 13} In these assignments of error, Masterson first argues that his plea is not valid because he did not sign a written waiver of the right to a jury trial under R.C. 2945.05. R.C. 2945.05 is not applicable, however, in instances where a guilty plea is entered by a defendant.See Martin v. Maxwell (1963), 175 Ohio St. 147; State v. Abney, Cuyahoga App. No. 84190, 2006-Ohio-273, at ¶ 14.
 {¶ 14} Masterson next argues that his plea was not voluntarily made because it was made "based on information conveyed to him by his attorney that the sentence he could expect would range from four to seven years." In his motion to withdraw his guilty plea, Masterson attached an affidavit of his attorney, who averred that, "I told Mr. Masterson he could expect a sentence in the range of 4-7 years, with a sentence of seven years only if everything went badly."
 {¶ 15} The record reflects, however, that Masterson was specifically informed at his plea of the potential maximum sentence that he would face as a result of pleading guilty. Masterson indicated that he understood, and further indicated that no threats or promises had been made to him to induce him to plead. Based on this record, Masterson has failed to demonstrate that counsel was ineffective and that his pleas were not knowingly, intelligently and voluntarily made. Moreover, because the record indicates that Masterson is not entitled to relief and that he has failed to demonstrate a manifest injustice, the trial court was not required to hold a hearing on his motion.
 {¶ 16} Masterson also claims that his counsel was ineffective because he did not file a timely motion to waive court costs.
 {¶ 17} R.C. 2947.23(A)(1) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution and render a judgment against the defendant for such costs." Court costs may, however, be waived in the discretion of the court if the court first determines that the defendant is indigent. See R.C. 2949.092; State v. White,103 Ohio St.3d 580, 2004-Ohio-5989,817 N.E.2d 393, at paragraph four of the syllabus. The court may only grant a waiver of court costs if the defendant makes a motion at the time of sentencing. State v. Clevenger, 114 Ohio St.3d 258,2007-Ohio-4006, 871 N.E.2d 589, at ¶ 5, citing State v. Threatt,108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, at paragraph two of the syllabus. If the defendant fails to make a motion to waive court costs at the time of sentencing, "the issue is waived and the matter of costs are res judicata." Id.
 {¶ 18} This court has held that "[counsel's failure to seek a waiver of court costs based on [the defendant's] indigence was inexplicable."State v. Blade, Cuyahoga App. Nos. 88703, 88704 and 88705,2007-Ohio-5323, at ¶ 13.
 {¶ 19} Here, the trial court found Masterson indigent and appointed the public defender to represent him on May 31, 2007. While counsel filed a motion to waive court costs, he did not do so at sentencing and, therefore, under Clevenger, supra, the issue was waived. On this record, there appears to be a reasonable probability that the court would have waived Masterson's court costs if the motion had been timely filed. Thus, counsel was ineffective in this regard only, and the judgment denying the motion for court costs is reversed. *Page 7 
 {¶ 20} Based on the above, the first and third assignments of error are denied, and the second assignment of error is sustained only as it relates to the motion for court costs.
 {¶ 21} Masterson contends in his fourth assignment of error that the trial court relied on "inaccurate and erroneous information" in sentencing him. Masterson essentially contends that the officer's version the events, as set forth in his victim impact statement, were different than his, and the court erred in believing the officer over him. Masterson also contends that the trial court erred by not allowing his counsel to review the victim impact statement prior to sentencing so that he could have been prepared with evidence to rebut the officer's version of the events.
 {¶ 22} R.C. 2930.14, governing victim impact statements, provides in relevant as follows:
 {¶ 23} "(A) Before imposing sentence upon, or entering an order of disposition for, a defendant * * *, the court shall permit the victim of the crime * * * to make a statement. The court may give copies of any written statement made by a victim to the defendant * * * and defendant's * * * counsel and may give any written statement made by the defendant * * * to the victim and the prosecutor. * * * The written statement of the victim or of the defendant * * * is confidential and is not a public record as used in section 149.43 of the Revised Code.
 {¶ 24} "(B) The court shall consider a victim's statement made under division (A) of this section along with other factors that the court is required to consider in imposing sentence or in determining the order of disposition. If the statement includes new material *Page 8 
facts, the court shall not rely on the new material facts unless it continues the sentencing or dispositional proceeding or takes other appropriate action to allow the defendant or alleged juvenile offender an adequate opportunity to respond to the new material facts." (Emphasis added.)
 {¶ 25} Further, R.C. 2947.051(C) provides in relevant part:
 {¶ 26} "A victim impact statement prepared under this section shall be kept confidential and is not a public record as defined in section 149.43 of the Revised Code. However, the court may furnish copies of the statement to both the defendant or the defendant's counsel and the prosecuting attorney." (Emphasis added.)
 {¶ 27} Thus, it is within the trial court's discretion whether to make a victim impact statement available to a defendant. State v.Bayless (1982), 4 Ohio App. 3d 301, 302, 448 N.E.2d 511; State v.Lunsford (Mar. 23, 2001), Montgomery App. No. 18318, at 4. The trial court properly exercised its discretion in this case.
 {¶ 28} Moreover, Masterson's complaint that the trial court erred in believing the officer's version of the events instead of his is without merit. The trial court is in the best position to assess credibility. See, e.g., State v. Culver, 160 Ohio App.3d 172, 2005-Ohio-1359,826 N.E.2d 367, at ¶ 37. We therefore defer to the trial court's credibility finding.
 {¶ 29} Further, Masterson has not alleged that the officer's version of events as set forth in his victim impact statement presented any "new material facts" as contemplated by R.C. 2930.14(B). Rather, the record reflects that Materson's attorney was aware of the officer's version of events, and argued to the court at sentencing that Masterson was *Page 9 
"adamant" that some of the events as stated by the officer did not occur, and that a witness's statement "comport[ed] with [Masterson's] version of [the] events."
 {¶ 30} In light of the above, the fourth assignment of error is overruled.
 {¶ 31} Finally, Masterson contends in his fifth assignment of error that "the trial court abused its discretion and sentenced [him] contrary to law and inappropriately."
 {¶ 32} First, Masterson reiterates his complaint about the trial court finding the officer's version of events more credible than his. Tangentially, Masterson claims that the trial court also failed to properly weigh his remorse. As already mentioned, the trial court is in the best position to judge credibility. It is also in the best position to judge remorse, and we defer to its findings on those two points.
 {¶ 33} Second, Masterson states that, "[w]hile the trial judge mentioned prior cases in which the Defendant had been involved, he depended on inaccurate information as to the type and result of the cases." Based on Masterson's citation to the transcript, he apparently is referring to the trial judge's inclusion of a burglary conviction as part of his criminal record, when Masterson had previously "explained" to the court at his plea hearing that it was "a minor altercation" at "[his] house," for which he was "overindicted," and the charge was "later dropped."
 {¶ 34} The court considered a presentence investigation report on Masterson in sentencing him. That report indicated that Masterson has numerous prior convictions. Thus, for argument's sake only, even if we assume that the court incorrectly included one crime in *Page 10 
Masterson's prior record, he still has a significant prior criminal record that the court properly considered.
 {¶ 35} Finally, Masterson contends that "[b]ecause the trial court had inaccurate, erroneous information on which it relied for sentencing in this case, it could not have properly considered sentencing factors and the seriousness of the crime and recidivism factors set out by ORC §§ 2929.11 and 2929.12." As already discussed, however, we do not find that the information upon which the trial court relied in sentencing Masterson was inaccurate or erroneous. Moreover, the sentencing judgment entry specifically states that "[t]he court considered all required factors of the law[,]" and "[f]inds that prison is consistent with the purpose of R.C. 2929.11."
 {¶ 36} In light of the above, the fifth assignment of error is overruled.
 {¶ 37} Judgment affirmed in part, and reversed and remanded in part for further proceedings consistent with this opinion.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
PATRICIA A. BLACKMON, J., CONCURS
SEAN C. GALLAGHER, P. J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION
[1] Citing State ex rel. Schneider v. Kreiner, 83 Ohio St.3d 203,1998-Ohio-271, 699 N.E.2d 83; State v. Lintner, Carroll App. No. 732, 2001-Ohio-3360; State v. Wheeler, Montgomery App. No. 18717, 2002-Ohio-284.