JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Grady Simmons, appeals the order of the Cuyahoga County Court of Common Pleas denying his motion to withdraw his guilty plea. For the reasons stated below, we affirm.
 {¶ 2} In 1990, appellant was involved in a fight at an RTA station in East Cleveland. After the victim of the fight died, appellant was indicted on a charge of aggravated murder. On March 26, 1991, appellant entered a plea of guilty to an amended indictment of murder. On this same day, the trial court sentenced appellant to an indefinite prison term of 15 years to life.
 {¶ 3} On November 15, 2007, appellant filed a motion to withdraw his guilty plea pursuant to Civ. R. 32.1. The trial court denied appellant's motion on January 23, 2008. We granted appellant leave to file a delayed appeal of the trial court's order.
 {¶ 4} Appellant presents four assignments of error for our review.
 {¶ 5} In his first assignment of error, appellant contends that the trial court erred when it failed to approve his App. R. 9(C) statement of the proceedings. Appellant asserts that this denial deprived him of due process because the record of the plea hearing is not available for appellate review. He argues that the rules require the trial court to approve his statement or to submit a statement of its own. *Page 4 
 {¶ 6} App. R. 9(C) provides as follows:
 {¶ 7} "If no report of the evidence or proceedings at a hearing or trial was made, or if a transcript is unavailable, the appellant may prepare a statement of the evidence or proceedings from the best available means, including the appellant's recollection. The statement shall be served on the appellee no later than 20 days prior to the time for transmission of the record pursuant to App. R. 10, who may serve objections or propose amendments to the statement within 10 days after service. The statement and any objections or proposed amendments shall be forthwith submitted to the trial court for settlement and approval. The trial court shall act prior to the time for transmission of the record pursuant to App. R. 10, and, as settled and approved, the statement shall be included by the clerk of the trial court in the record on appeal."
 {¶ 8} Appellant's counsel certified to the trial court that a transcript of the 1991 plea hearing was unavailable. Appellant then submitted a proposed statement of the proceedings based upon his recollection. The state opposed the proposed statement, citing a lack of proof that the statement was a correct and accurate depiction of the proceedings. The trial court agreed and denied the submission of appellant's proposed statement.
 {¶ 9} Appellant's proposed statement reads:
 {¶ 10} "1. On 3-26-91, I plead guilty to murder in case number 90-258459 in front of the honorable Sam A. Zingale. *Page 5 
 {¶ 11} "2. I was initially charged with the crimes of Aggravated Murder and Murder.
 {¶ 12} "3. At the time of my plea I was 18 years old.
 {¶ 13} "4. My court appointed counsel presented a plea offer from the state of Ohio to me.
 {¶ 14} "5. My court appointed counsel, ***, indicated to me that he believed I would be convicted of manslaughter and that there was no difference in time to get in front of the parole board between manslaughter and murder.
 {¶ 15} "6. My court appointed counsel did not explain what the ramifications were of a life tail [sic].
 {¶ 16} "7. I was told I would be in front of the parole board in nine years and six months, and that I would be paroled at that time because it was my first conviction as an adult.
 {¶ 17} "8. On 3-26-91, the date of my plea the [judge], failed to advise me of my rights to trial by jury or to the bench, rights to compulsory process, right to remain silent at trial and not have my silence used against me, or to explain the punishment or penalties I would face by entering my guilty plea.
 {¶ 18} "9. I did not understand my rights or the penalties I was exposing myself to by entering my plea."
 {¶ 19} App. R. 9 permits the parties to attempt to recreate a record of court proceedings when a verbatim transcript is unavailable. "The narrative statement *Page 6 
of evidence or proceedings provided for in Appellate Rule 9(C) is an alternative to the verbatim transcript of proceedings provided for in Appellate Rule 9(B)." Joiner v. Illuminating Co. (1978),55 Ohio App.2d 187. The rule grants the trial court the responsibility and authority to make deletions, additions, or modifications to a proposed narrative statement of evidence or proceedings so that it will conform to the truth and be accurate before it is approved. Id. at 196.
 {¶ 20} Appellant's proposed statement is not an acceptable narrative statement of the proceedings of the March 26, 1991 plea hearing. The conversations between appellant and his trial counsel are privileged and would not have been included as part of the transcript of the hearing. Additionally, appellant's unsupported allegation that the trial court failed to advise him of any of his constitutional rights, including the right to trial by jury, flies in the face of the trial court's journal entry and appellant's own motion in which he states that he waived his right to a trial by jury. Therefore, the trial court did not abuse its discretion by refusing to approve appellant's proposed statement.
 {¶ 21} Assuming arguendo that the trial court erred when it failed to settle and approve appellant's proposed App. R. 9(C) statement, appellant cannot demonstrate prejudice from this procedural error. As explained below, appellant has failed to demonstrate the manifest injustice necessary to permit him to withdraw his guilty plea under Crim. R. 32.1. *Page 7 
 {¶ 22} In his second, third, and fourth assignments of error, appellant contends that the trial court erred in denying his motion without an evidentiary hearing, his plea was not knowingly, intelligently, and voluntarily made and, his plea was the result of ineffective assistance of counsel. The issues raised in these assignments are interrelated and will be addressed together.
 {¶ 23} A motion to withdraw a guilty plea is governed by the standards set forth in Crim. R. 32.1, which states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
 {¶ 24} Because appellant's request was made post-sentence, the standard by which the motion was to be considered was "to correct manifest injustice." Crim. R. 32.1; State v. Smith (1977),49 Ohio St.2d 261, paragraph one of the syllabus. A manifest injustice has been defined as a "clear or openly unjust act." State ex rel. Schneider v.Kreiner, 83 Ohio St.3d 203, 208, 1998-Ohio-271. Under the manifest injustice standard, a post-sentence withdrawal motion is allowable only in extraordinary cases. Smith, supra, at 264. An accused has the burden of showing a manifest injustice warranting the withdrawal of a guilty plea. Id. at paragraph one of the syllabus.
 {¶ 25} "A motion made pursuant to Crim. R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the *Page 8 
movant's assertions in support of the motion are matters to be resolved by that court." Smith, supra, at paragraph two of the syllabus. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 26} Additionally, although the rule itself does not provide a time limit for making a motion to withdraw a guilty plea, an "undue delay" between the occurrence of the alleged cause for withdrawal and the filing of the motion is a factor which adversely affects the credibility of the movant and mitigates against the granting of the motion.Smith, supra, at 264.
 {¶ 27} Appellant argues that a manifest injustice occurred when he entered his plea because his counsel misinformed him as to the consequences of pleading guilty to a charge of murder. He argues that because he was misinformed of the consequences of his guilty plea, his plea was not knowingly or voluntarily made and may be withdrawn. The crux of appellant's argument is that he agreed to take the state's plea offer because his counsel told him he would be eligible for parole after nine and a half years and that he would get parole at that time because this was his first conviction as an adult.
 {¶ 28} A guilty plea is not voluntary if it is the result of ineffective assistance of counsel. State v. Masterson, Cuyahoga App. No. 90505, 2008-Ohio-4704. A claim of ineffective assistance of counsel requires a showing that the *Page 9 
lawyer's conduct fell below professional standards and that the defendant was prejudiced as a result. Strickland v. Washington (1984),466 U.S. 668, 687. When the defendant claims ineffective assistance after entering a guilty plea, he must show a reasonable probability that he would not have entered the plea absent the lawyer's conduct.State v. Creary, Cuyahoga App. No. 82767, 2004-Ohio-858, citing Hill v.Lockhart (1985), 474 U.S. 52, 59. However, a lawyer's mistaken prediction about the likelihood of a particular outcome after correctly advising the client of the legal possibilities is insufficient to demonstrate ineffective assistance of counsel. Creary at ¶ 10.
 {¶ 29} The credibility of appellant's claims that his counsel incorrectly informed him that he would be paroled in nine and a half years and but for that information he would not have made the plea, are strongly called into question by the fact that appellant did not immediately seek to withdraw his guilty plea when denied parole for the first time. Appellant waited an additional seven years from when he asserts he believed he would be paroled, and waited until he was denied parole for the second time, before seeking relief from the claimed error. Appellant has made no attempt to explain this undue delay in pursuing his claim. Under these facts, we cannot find that the trial court abused its discretion when it denied appellant's motion to withdraw his guilty plea.
 {¶ 30} Neither do we find that the trial court erred by not holding a hearing prior to denying appellant's motion. R.C. 2953.21(C) does not require a hearing *Page 10 
for every post-conviction relief petition. A trial court need not hold an evidentiary hearing if the record indicates the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. State v.Russ, Cuyahoga App. No. 81580, 2003-Ohio-1001, at ¶ 12 (citations omitted). Generally, a self-serving affidavit or statement is insufficient to demonstrate manifest injustice. See State v. Elko, Cuyahoga App. 84602, 2005-Ohio-110; State v. Patterson, Stark App. No. 2003CA00135, 2004-Ohio-1569; State v. Honaker, Franklin App. 04AP-146,2004-Ohio-6256.
 {¶ 31} For all of the above reasons, we conclude that the trial court did not abuse its discretion by denying appellant's motion without first holding a hearing. Accordingly, appellant's second, third, and fourth assignments of error are also overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 11 
CHRISTINE T. McMONAGLE, P.J., and FRANK D. CELEBREZZE, JR., J., CONCUR. *Page 1