[Cite as *Richmond Hts. v. McEllen*, 2013-Ohio-3151.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99281

# CITY OF RICHMOND HEIGHTS

PLAINTIFF-APPELLEE

vs.

# JOHN McELLEN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Lyndhurst Municipal Court
Case No. 00 CRB 00325

**BEFORE:** Celebrezze, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Richard H. Drucker
700 West St. Clair Avenue
Suite 214
Cleveland, Ohio   44113


**ATTORNEY FOR APPELLEE**

Jonathan D. Greenberg
Prosecuting Attorney
City of Richmond Heights
Walter & Haverfield, P.L.L.
1301 East Ninth Street
Suite 3500
Cleveland, Ohio   44114-1821

FRANK D. CELEBREZZE, JR., J.:

**{¶1}** Defendant-appellant, John McEllen, appeals from the trial court's judgment denying his postsentence motion to withdraw his plea. Finding no merit to the appeal, we affirm.

## I. Factual and Procedural History

**{¶2}** On May 9, 2000, appellant entered a plea of guilty to a charge of domestic violence, a first-degree misdemeanor, in the Lyndhurst Municipal Court, Cuyahoga County, Ohio. Prior to entering his guilty plea, appellant waived his right to an attorney. On the same day, the trial court found appellant guilty and sentenced him to ten days in jail and a $250 fine.

**{¶3}** On November 9, 2012, appellant filed a motion to vacate his guilty plea. On November 13, 2012, the trial court denied appellant's motion without a hearing.

**{¶4}** Appellant now brings this timely appeal, raising one assignment of error for review:

> I. The trial court erred, and abused its discretion and caused [appellant] a manifest injustice when it accepted an uncounseled guilty plea while he was intoxicated, which plea has summarily barred him from employment, then denied [appellant's] motion to vacate guilty plea without granting an oral hearing to consider the case's merits, and before even receiving the prosecution's brief in response.

## II. Law and Analysis

### A. Crim.R. 32.1

{¶5} In his sole assignment of error, appellant argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea pursuant to Crim.R. 32.1.

{¶6} Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1.

{¶7} Thus, pursuant to Crim.R. 32.1, a postsentence motion to withdraw a guilty plea, such as appellant's, may be granted only to correct a manifest injustice. *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992). "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. A manifest injustice is a fundamental flaw in the proceedings that results in a miscarriage of justice or is inconsistent with the requirements of due process. *State v. McMahon*, 12th Dist. No. CA2009-06-008, 2010-Ohio-2055, ¶ 6.

{¶8} A postsentence motion to withdraw a guilty plea is allowable only under extraordinary circumstances and is left up to the discretion of the trial court. *Smith* at 264. Accordingly, we review the trial court's decision on a motion to withdraw a guilty

plea for an abuse of discretion. *McMahon* at ¶ 9. An abuse of discretion implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Id.*

{¶9} Similarly, the trial court's decision to deny the motion without a hearing is granted deference. *State v. Woods*, 8th Dist. No. 84993, 2005-Ohio-3425. "Deference especially attends in a case in which the record demonstrates the court conducted the original plea hearing and was familiar with the facts of the case. In such circumstances, the trial court is in the best position to assess the credibility of the movant's assertions." (Citations omitted.) *State v. Atkinson*, 8th Dist. No. 85773, 2005-Ohio-5348, ¶ 13-14.

{¶10} In the case at hand, appellant claims that as a result of his May 9, 2000 domestic violence conviction, he has endured adverse employment consequences that he could not have reasonably foreseen. Furthermore, appellant contends that he was under the influence of drugs and alcohol at the time he entered his plea. Thus, he submits that "when an uncounseled plea is accepted from an intoxicated individual, and that plea effectively prevents that individual from securing employment, a trial court's failure to vacate the plea constitutes a manifest injustice."

{¶11} On review, we find no abuse of discretion in the trial court's denial of appellant's motion without a hearing. As an initial matter, we find no manifest injustice arising from the fact that appellant failed to appreciate the potential consequences his conviction may have on his future employment. *See Xenia v. Jones*, 2d Dist. No. 07-CA-104, 2008-Ohio-4733 (no manifest injustice where defendant failed to appreciate consequences of plea on teaching license); *See also State v. Perri*, 11th Dist. No.

2006-P-0018, 2006-Ohio-5185 (trial court not required to ensure defendant aware of possible consequences of plea on future employment in Air Force). Appellant's argument amounts to an error in judgment, which, unfortunately for appellant, is not a sufficient basis for granting a Crim.R. 32.1 motion. *State v. Roach*, 11th Dist. No. 9-040, 1982 Ohio App. LEXIS 12054 (Dec. 23, 1982).

{¶12} Furthermore, appellant's lengthy delay in seeking to withdraw his guilty plea militates against his claim that he was intoxicated at the time of his plea hearing. Although Crim.R. 32.1 does not contain a time limit for filing a postsentence motion to withdraw a plea, an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion. *Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977).

{¶13} Here, the credibility of appellant's claim that he was intoxicated at the time he entered his plea is strongly called into question by the fact that he did not immediately seek to withdraw his guilty plea once the alleged effects of the drugs and alcohol diminished. Instead, he waited over 12 years before seeking relief from the claimed error, and he has made no attempt to explain the undue delay in pursuing his claim.

{¶14} Additionally, the record supports the state's position that appellant failed to submit evidentiary documents sufficient to demonstrate a manifest injustice. Here, appellant relies solely on his affidavit attached to his motion to withdraw his plea, in which he avers that "he was experiencing significant problems with drug and alcohol

addiction and was in a highly emotional state and physically sick" at the time of his plea. However, this court has previously held that a movant's self-serving affidavit is insufficient to demonstrate manifest injustice. *State v. Simmons*, 8th Dist. No. 91062, 2009-Ohio-2028, ¶ 30. Accordingly, appellant's self-serving affidavit is insufficient to establish a manifest injustice.

## B. Crim.R. 11(D)

{¶15} Alternatively, appellant argues that the trial court abused its discretion when it failed to vacate his plea because, due to his intoxication, he did not knowingly and intelligently waive his right to counsel as guaranteed by the Sixth Amendment and Crim.R. 11(D).

{¶16} Crim.R. 11(D) sets forth the procedure a trial judge must follow when accepting a plea involving a serious misdemeanor:

> In misdemeanor cases involving serious offenses the court may refuse to accept a plea of guilty or no contest, and shall not accept such plea without first addressing the defendant personally and informing the defendant of the effect of the pleas of guilty, no contest, and not guilty and determining that the defendant is making the plea voluntarily. Where the defendant is unrepresented by counsel the court shall not accept a plea of guilty or no contest unless the defendant, after being readvised that he or she has the right to be represented by retained counsel, or pursuant to Crim.R. 44 by appointed counsel, waives this right.

{¶17} Initially, we note that appellant failed to raise this issue in his Crim.R. 32.1 motion. It is well-settled law that issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. *State v. Comen*, 50 Ohio St.3d 206, 211, 553 N.E.2d 640 (1990).

**{¶18}** Notwithstanding, we find that appellant's guilty plea was entered pursuant to the requirements of Crim.R. 11(D) and was therefore intelligently and knowingly made. Here, the record reflects that appellant signed a written "Statement of Rights," which expressly stated that he had been informed of his constitutional rights prior to entering his plea, including "his right to retain counsel even if he intends to plead guilty." Moreover, as previously discussed, appellant has failed to present credible evidence to support his contention that he was intoxicated at the time he entered his plea. Accordingly, we are unable to conclude that appellant's waiver of counsel was not knowingly and intelligently made.

**{¶19}** Based on the foregoing, the trial court did not abuse its discretion in denying appellant's Crim.R. 32.1 motion without holding a hearing.

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Lyndhurst Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR