EILEEN T. GALLAGHER, J., DISSENTING:
{¶ 63} I respectfully dissent from the majority's finding that Davner's plea was not knowingly, intelligently, and voluntarily made.
{¶ 64} I recognize that this court has previously held that a guilty plea may be invalid where the defendant is given misinformation regarding judicial release. State v. Williams , 8th Dist. Cuyahoga Nos. 104078 and 104849, 2017-Ohio-2650, 2017 WL 1742646 ; State v. Ealom , 8th Dist. Cuyahoga No. 91455, 2009-Ohio-1365, 2009 WL 790400 ; See also State v. Persons , 4th Dist. Meigs No. 02CA6, 2003-Ohio-4213, 2003 WL 21861201. However, I do not find Williams , Ealom , or Persons to be applicable to the facts of this case. In Williams, Ealom , and Persons , the inaccurate misstatements of law that caused the defendants to believe that they were eligible for judicial release occurred on the record during the plea proceedings. In addition, in each case, the trial court contributed to the defendant's misunderstanding by making its own inaccurate statements on the record.
{¶ 65} After careful review of the transcript, it is evident that no misstatement of law occurred on the record in this case. In addition, the trial court did not misadvise Davner about his eligibility for judicial release during the plea hearing. Thus, unlike the facts addressed in Williams, Ealom, and Persons, the alleged misrepresentation of Davner's eligibility for judicial release occurred during a private conversation between Davner and counsel.
{¶ 66} Under these circumstances, it is my belief that the majority's holding improperly relies on Davner's self-serving testimony and conversations that are not part of this record. As this court has held, "[a] self-serving affidavit by the moving party is generally insufficient to demonstrate manifest injustice." Richmond Hts. v. McEllen , 8th Dist. Cuyahoga No. 99281, 2013-Ohio-3151, 2013 WL 3809174, ¶ 14, citing State v. Simmons , 8th Dist. Cuyahoga No. 91062, 2009-Ohio-2028, 2009 WL 1156682, ¶ 30. See also State v. Yearby, 8th Dist. Cuyahoga No. 79000, 2002 WL 120530 (Jan. 24, 2002) (When a defendant asserts that his guilty plea was involuntary, "a record reflecting compliance with *1267 Crim.R. 11 has greater probative value than a petitioner's self-serving affidavit.").
{¶ 67} In this case, the trial court engaged in a comprehensive Crim.R. 11 colloquy with Davner, and a fair reading of the record does not permit me to conclude that he entered his plea less than freely and voluntarily and with full knowledge of the ramifications of his plea. Moreover, the trial court held an extensive hearing on Davner's motion to withdraw his guilty plea. During the hearing, defense counsel was questioned at length about the alleged representations he made to Davner about his eligibility for judicial release. Under oath, defense counsel adamantly denied advising Davner that the "worst [prison term] he would get would be 30 days" based on his eligibility for judicial release. While Davner offered testimony to the contrary, "the trial court is in the best position to assess the credibility of the defendant's assertions." State v. Hunter , 8th Dist. Cuyahoga No. 99472, 2013-Ohio-5022, 2013 WL 6047187, ¶ 18. Thus, I would defer to the trial court's assessment of credibility.
{¶ 68} For the foregoing reasons, I would find that Davner has not presented credible evidence that he was induced to enter a guilty plea based on trial counsel's erroneous representations as to the applicable law. Accordingly, I would affirm the trial court's judgment denying Davner's motion to withdraw his guilty plea.