2019-Ohio-1243.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,              :

                                             Nos. 107254 and 107873

v.                                      :

ANTONIO T. BRADLEY,                     :

    Defendant-Appellant.             :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 4, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622208-A

---

### *Appearances:*

Mary Catherine Corrigan and Bret Jordan, Jordan & Sidoti L.L.P., *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecutor, Brian D. Kraft, Assistant County Prosecutor, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} In this consolidated appeal, defendant-appellant Antonio T. Bradley appeals the 21-year prison sentence imposed as the result of a guilty plea to multiple charges. This court remanded the initial appeal to the trial court to allow Bradley to move for a plea withdrawal. The motion was denied. The second appeal challenges

the denial of the motion to withdraw the guilty plea and has been consolidated with the pending appeal. We affirm the trial court's judgment.

## I.    FACTS AND PROCEDURAL HISTORY

{¶ 2}  On October 7, 2017, a witness contacted police to report that individuals driving a minivan committed a "smash and grab" theft of an ATM machine at a Marathon Gas Station in Broadview Heights, Ohio. Police located the vehicle and a high-speed chase ensued for approximately eight miles until Bradley, the driver of the minivan, lost control and crashed into a telephone pole in Middleburg Heights, Ohio. Bradley and one passenger attempted to flee. The two remaining passengers were killed. Police discovered the ATM in the minivan.

{¶ 3}  On October 17, 2017, Bradley was indicted on 10 criminal counts including two counts of involuntary manslaughter. On March 29, 2018, Bradley pleaded guilty to:

> Count 1 — involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04(A);
>
> Count 2 — aggravated vehicular homicide, a third-degree felony, in violation of R.C. 2903.06(A)(2), amended from involuntary manslaughter, a first-degree felony, in violation of R.C. 2903.04(A);
>
> Count 5 — failure to comply, a third-degree felony, in violation of R.C. 2921.331(B);
>
> Count 6 — breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(A);
>
> Count 8 — safecracking, a fourth-degree felony, in violation of R.C. 2911.31(A): and

Count 10 - receiving stolen property of a motor vehicle, a fourth-degree felony, in violation of R.C. 2913.51(A).

{¶ 4} On May 2, 2018, Bradley was sentenced on the following counts to:

Count 1 — 11 years;
Count 2 — 5 years;
Count 5 — 3 years;
Count 6 — 12 months;
Count 8 — 18 months; and
Count 10 — 18 months.

The sentences for Counts 1, 2, 5, and 6 were run consecutively to one another and Counts 8 and 10 were run concurrent to the other counts. The total term of incarceration is 20 years.

{¶ 5} Bradley appealed his sentence and this court remanded the appeal to the trial court for the sole purpose of ruling on a pending motion to withdraw Bradley's guilty plea. The trial court denied Bradley's motion, and the appeal of that denial was consolidated with the pending appeal.

## II. ASSIGNMENTS OF ERROR

{¶ 6} Bradley offers four assignments of error:

I.     Appellant Received Ineffective Assistance of Counsel in Violation of His Sixth Amendment Right to Counsel.

II.    The Trial Court Erred by Imposing Consecutive Sentences.

III.   The Trial Court Erred by Denying the Appellant's Motion to Withdraw His Guilty Plea.

IV.    The Trial Court Abused its Discretion in Failing to Hold a Hearing on Appellant's Motion to Withdraw Guilty Plea.

## III.  DISCUSSION

{¶ 7}  We address Bradley=s assignments of error out of order, reserving the first assigned error for last.

### A.  Second Assignment of Error — Whether the Trial Court Erred by Imposing Consecutive Sentences

{¶ 8}  Bradley argues that the trial court failed to engage in a proper analysis and that the record does not support a finding that consecutive sentences were appropriate.  We disagree.

{¶ 9}  Our review of felony sentences is guided by R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, & 1, 21-22.

> Under R.C. 2953.08(G)(2), an appellate court may vacate the imposition of consecutive sentences where it "clearly and convincingly" finds that (1) the record does not support the trial court's findings under R.C. 2929.14(C)(4) or (2) the sentence is "otherwise contrary to law."  R.C. 2953.08(G)(2).  If a trial court fails to make the findings required under R.C. 2929.14(C)(4), the imposition of consecutive sentences is contrary to law.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, & 37; *State v. Primm*, 8th Dist. Cuyahoga No. 103548, 2016-Ohio-5237, & 66, citing *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075, & 4.

*State v. Morris*, 2016-Ohio-7614, 73 N.E.3d 1010, & 24 (8th Dist.).

{¶ 10}  The Ohio Supreme Court held that a trial court is required to "make three statutory findings" "in order to impose consecutive prison terms for convictions of multiple offenses." *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, & 252, citing R.C. 2929.14(C) and *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, & 37.

{¶ 11} First, a trial court must find that consecutive sentences are "necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4)." *Id.* at & 252. Second, a trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender=s conduct and to the danger that the offender poses to the public." *Id.* The third requirement is that the trial court make one of the findings set forth in R.C. 2929.14(C)(4)(a). *Id.* The findings must be set forth on the record at the sentencing hearing as well as in the sentencing entry. *Id.* at & 253, citing *Bonnell* at & 37.

{¶ 12} The findings required by R.C. 2929.14(C)(4)(a-c) are as follows:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender=s conduct.

(c) The offender=s history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} The parties agreed that none of the counts would merge. At the sentencing hearing, Bradley advised the court that he was 20 years of age with no criminal history, had a small son and a child on the way. Additionally, Bradley stated that he worked at Walmart to support his son.

{¶ 14} Bradley expressed his remorse and said that the three passengers were like brothers. Bradley and his friends feared for their lives when the police began their pursuit through Broadview Heights and neighboring suburbs in light of the widespread publicity of questionable police shootings of suspects. His friends urged him to get to Cleveland before stopping the vehicle. Bradley also stated that he has mental health issues.

{¶ 15} Bradley=s mother, aunt, and uncle spoke on his behalf and urged leniency, saying that all of the families had been hurt by the incident. The family of the decedents also spoke about their loss.

{¶ 16} The trial court said:

So being in the vehicle and being involved in the crime that started this is when the bad decisions started and then, as you said, you made a bad decision when you left the scene. And then as soon as you saw the police officer, your vehicle, you driving it, accelled [sic] to 110 miles per hour.

That's not an accident. When you classify it as being an accident — it's not an accident. It's a crime. Your actions of accelling [sic] to that speed in an area where you could have hurt many more people, but your actions caused the death of your two friends. It's not an accident, driving 110 miles per hour. It's a crime, what you did.

One individual was ejected, one died on impact. You took off running. You say that you looked back to see what the situation was but you didn't even help them. From what I'm reading you took off running so that the police couldn't catch you. You didn't stay there to wait to see how your friends were doing, to check on them. You left. You left them there to die just so that you wouldn't get in trouble. That's not an accident. And now, as I said, because of what you did, two lives are gone.

I'm sure you are hurting. It sounds to me like you were very close to them. They were almost your brothers. But you didn't need to do what

you did.  Because you didn't want to get caught.  You had no consideration as to the other lives in your vehicle.  You made sure you were fine, you got out of the car, and you took off running.  Looked back to see what was going on.  Did you even know that one of your friends was ejected? * * *

As I said, this isn't an accident; this is a crime.  You may not have had it in your head that you intended to kill these individuals, that you were going to kill them; however, your actions would only amount to someone dying.  Driving that speed in that area just so you could get away.

(Tr. 45-57.)

I find that a consecutive prison sentence is necessary to protect the community and to punish you and it=s not disproportionate.  I find that the harm is so great or unusual that a single term does not adequately reflect the seriousness of your conduct.

There were two lives lost, two young lives lost as a result of your conduct, and I don=t see what could be more serious, require more of a sentence as a result of two lives being lost.  I find that any less of a sentence would demean and minimize the seriousness of your conduct and minimize the lives that were lost in the situation.

In addition to that, I also find that a consecutive sentence is necessary because at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of your conduct.

As I said, you accelerated your vehicle, with three other individuals in that car, at a high rate of speed knowing that the result could be loss of life.  In addition to that, once you did crash the vehicle you took off running.  You didn't even stay there to help these individuals who you caused their lives to be lost or to check to see if they were okay.  For those reasons a consecutive prison sentence is necessary.

(Tr. 60-61.)

{¶ 17} The sentencing entry provides:

> The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant=s conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct.

Journal entry No. 103652610, p. 1-2 (May 8, 2018).

{¶ 18} The record reflects that the trial court addressed the requisite elements at the sentencing hearing and properly journalized the findings. The second assignment of error lacks merit.

**B.  Third Assignment of Error — Whether the Trial Court Erred by Denying the Appellant's Motion to Withdraw Guilty Pleas**

**C.  Fourth Assignment of Error — Whether the Trial Court Abused its Discretion in Failing to Hold a Hearing on the Appellant's Motion to Withdraw Guilty Plea**

{¶ 19} Bradley advances in his third and fourth assigned errors that the trial court erred by denying his motion to withdraw his guilty plea and by failing to hold a hearing on the motion. He argues that withdrawal is required because he relied on counsel=s promise that he would receive an 11-year sentence rendering his plea unknowing, involuntary, and unintelligently made. We combine those errors for analysis.

{¶ 20} A motion to withdraw a guilty plea is governed by the standards set forth in Crim.R. 32.1, which provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).

{¶ 21} The decision to grant or deny a Crim.R. 32.1 motion is committed to the sound discretion of the trial court. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977), at paragraph two of the syllabus. We will not reverse a trial court's decision absent an abuse of discretion. *Id.*, citing *Xie* at 527. A trial court abuses its discretion when its judgment is unreasonable, arbitrary, or unconscionable. *State v. Armstrong*, 8th Dist. Cuyahoga No. 101961, 2015-Ohio-3343, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 22} Bradley first argues that his guilty plea was not knowingly, intelligently, or voluntarily made because his attorney told him that he would only receive an 11-year sentence on the felonious assault charge. The plea colloquy was extremely thorough and Bradley stated that he was pleased with the services of his attorney. (Tr. 14.) The trial court explained the impact of the merger waiver for the counts, "[s]o you=re agreeing [that Counts 1 and 2] are non-allied offenses so you can be sentenced on both of them." Bradley responded that he understood.

{¶ 23} The trial court next proceeded to explain the minimum and maximum prison sentence and fine for each count and, each time, Bradley said that he understood.

Court: All right. Now, based on all of the counts that you're going to be pleading guilty to, I have to inform you of the maximum potential prison sentence that you could receive under the plea agreement. When I add up all of the time that you could receive on all of the counts that you're pleading guilty to, if you received a maximum consecutive prison sentence, then you are looking at what I've added up to be 23 years. Is that what you add up?

State: That is correct, Your Honor.

Court: Is that what you add up, [Counsel].

Counsel: Yes, Your Honor.

Court: So do you understand that?

Bradley: Yes, Your Honor.

Court: Okay. So is there — are you having an issue? What's the issue?

Counsel: I'm sorry?

Court: What's the issue over there? I see that he's talking.

Counsel: No, the — the sentence is a little intimidating, that's all.

Court: So do you have an issue? Do you understand what your maximum potential prison sentence is?

Bradley: Yes, Your Honor.

Court: Okay. So do you have any questions about that?

Bradley: No, Your Honor.

(Tr. 21-22.)

{¶ 24} The trial court also inquired, "[d]o you understand that there is no promise of a particular sentence." Bradley responded, "Yes, Your Honor." (Tr. 28.)

{¶ 25} At the May 7, 2018 post-sentence hearing held to advise Bradley of his appellate rights, the following exchange took place:

Bradley: I would like to take my plea back.

Court: All right. Well, you can talk to your lawyer about that. Okay?

Bradley: He told me that 11 years is the maximum I can get.

Counsel: Never, ever, ever happened.

Bradley: I told him multiple times I did not want to take this.

Counsel: I never, ever promised you that.

Bradley: Yes, you did.

Counsel: I did not.

Bradley: Yes, he did, Your Honor.

Counsel: I said I was trying for that. I never said you were going to get that. Never, ever, ever. Not now, not ever. I don't do that.

Court: All right. So that=s an issue that you would have to address later. Okay?

Bradley: Yes, Your Honor.

(Tr. 65-66.)

{¶ 26} Bradley argued in the motion to withdraw that his plea was not knowingly, intelligently, and voluntarily made. Bradley=s accompanying affidavit

provided that he had not been advised of his potential defenses or reviewed discovery in the case.

{¶ 27} Bradley also claimed in the motion that he was misled by his counsel, not by the trial court, rendering his counsel=s assistance ineffective. He also averred that he was not familiar with the court system because he had no prior criminal offenses and that he was not aware that some of the offenses for which he was convicted were allied offenses. In spite of the plea colloquy, Bradley also stated that he did not understand that all of the convictions, and not just Counts 1 and 2 as stated during the colloquy, could result in consecutive sentences. In essence, he claims that he did not understand to what he agreed.

{¶ 28} The transcript of the plea colloquy and the appeal advisement hearing reflects some degree of conflict between Bradley and his counsel regarding his sentence and withdrawal of the plea. Counsel admitted on the record that he told Bradley that he was trying to get an 11-year sentence but said he never promised it. Bradley argued he did not understand because he has never been involved with the criminal justice system. We find that the record does not support that Bradley was promised an 11-year sentence.

{¶ 29} Bradley also argues that the court should have conducted a hearing on his motion to withdraw his guilty plea and that his plea should be vacated as a result. "A postconviction Crim.R. 32.1 motion to withdraw a guilty plea should be granted, only in extraordinary cases, to correct a manifest injustice." Crim.R. 32.1.; *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977). The "manifest

injustice" standard is an extremely high standard, which permits the withdrawal of a guilty plea only in extraordinary cases. *Id.* at 264.

{¶ 30} A hearing is not mandatory in a postconviction motion to withdraw a guilty plea. *State v. Tucker*, 8th Dist. Cuyahoga No. 90799, 2008- Ohio- 5746, & 23. A "trial court's decision to deny the motion without a hearing is granted great deference. *State v. Woods*, 8th Dist. No. 84993, 2005-Ohio-3425." *Richmond Hts. v. McEllen*, 8th Dist. Cuyahoga No. 99281, 2013-Ohio-3151, ¶ 9. It is well within the trial court's discretion to deny Bradley's motion to withdraw his guilty plea. According to the record, his plea was not induced by the court or by his attorney. The trial judge explained to Bradley several times what the minimum and maximum sentences were for his convictions.

{¶ 31} The court thoroughly explained the plea deal and Bradley responded affirmatively to the trial court's repeatedly asking him if he understood and agreed. The trial court also asked Bradley whether he had any questions about the plea agreement. Bradley said he understood the terms and that he agreed to everything the trial court said. Bradley also stated that he was satisfied with defense counsel. There is no indication in the record that a manifest injustice occurred during his plea. For this reason, we overrule Bradley=s third and fourth assignments of error.

### D. First Assignment of Error — Whether the Trial Court Received Ineffective Assistance of Counsel in Violation of His Sixth Amendment Right to Counsel

{¶ 32} It is Bradley=s burden to prove that counsel was ineffective. *State v. Hudson*, 8th Dist. Cuyahoga No. 96435, 2011-Ohio-6272, & 23, citing *State v. Smith,*

17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985). A guilty plea waives a claim for ineffective assistance of counsel

> "unless the ineffective assistance caused the guilty plea to be involuntary." *State v. Hicks*, 8th Dist. No. 90804, 2008 Ohio 6284, &24. To prove a claim of ineffective assistance of counsel after having pleaded guilty, a defendant "must demonstrate that there is a reasonable probability that, but for counsel=s errors, [he] would not have pled guilty and would have insisted on going to trial." *State v. Szakacs*, 8th Dist. No. 92230, 2009 Ohio 5480, &15, citing *Hill v. Lockhart,* 474 U.S. 52, 58-59, 106 S.Ct 366, 88 L.Ed.2d 203 (1985).

*Id.* at & 24.

{¶ 33} Bradley stated on the record that his attorney told him that he would receive an 11-year sentence. Bradley's counsel responded that he only said that he was seeking an 11-year sentence for Bradley.

{¶ 34} The trial court explained in meticulous detail the possible penalty for each offense and the aggregate possible penalty that Bradley could receive. Bradley also responded that no threats or promises had been made to induce him to enter into his plea and that he was pleased with his counsel=s performance. The record does not support the assertion of a deficient performance by counsel that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id. See also State v. Simmons,* 8th Dist. Cuyahoga No. 94982, 2010-Ohio-6188, ¶ 13-14, citing *State v. Blatnik*, 17 Ohio App.3d 201, 202-203, 478 N.E.2d 1016 (6th Dist.1984) (counsel's speculation of the type of sentence that will be imposed does not necessarily constitute manifest injustice in the face of an adequate

explanation on the record).   Therefore, Bradley=s first assignment of error is overruled.

## IV.   CONCLUSION

{¶ 35} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution.  The defendant's conviction having been affirmed, any bail pending is terminated.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

SEAN C. GALLAGHER, P.J., and
EILEEN A. GALLGHER, J., CONCUR