[Cite as *State v. Simmons*, 2014-Ohio-3038.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100638

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## ANTHONY SIMMONS

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-08-512632-A

**BEFORE:** Boyle, A.J., Kilbane, J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 10, 2014

**FOR APPELLANT**

Anthony Simmons, pro se
Inmate No. 561-857
Marion Correctional Institution
P.O. Box 57
Marion, Ohio   43301


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   T. Allan Regas
Assistant County Prosecutor
8th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Anthony Simmons, appeals from the trial court's judgment denying his motion to vacate and set aside void sentence. He raises three assignments of error for our review:

> 1. Trial court erred in not advising of right to appeal pursuant to Ohio Crim.R. 32(B).
>
> 2. Trial court failed to properly impose postrelease control pursuant to R.C. 2943.032.
>
> 3. Trial court erred in sentencing to crime that was not proved by proof of prior conviction.

{¶2} Finding no merit to his appeal, we affirm.

## Procedural History

{¶3} In June 2008, Simmons was indicted for aggravated robbery, kidnapping, and having a weapon while under disability. The aggravated robbery and kidnapping charges carried one- and three-year firearm specifications. The charges arose after Simmons forced his father at gunpoint into his vehicle and ordered him to withdraw $1,700 in cash from his bank account.

{¶4} In January 2009, Simmons pleaded guilty to aggravated robbery with a one-year firearm specification, and to having a weapon while under a disability. The remaining charges were nolled. The trial court sentenced Simmons to a seven-year prison sentence: five years for aggravated robbery, plus one year for the firearm specification, to be served prior to and consecutive to the aggravated robbery, and one year

for having a weapon while under a disability, to be served consecutive to the aggravated robbery.

{¶5} Simmons filed leave for a motion for delayed appeal on June 2, 2009. This court denied his motion and dismissed his appeal.

{¶6} In December 2009, Simmons filed a motion to withdraw his guilty plea, which the trial court denied. Simmons appealed. This court affirmed the trial court's denial of Simmons's motion to withdraw his guilty plea. *See State v. Simmons*, 8th Dist. Cuyahoga No. 94982, 2010-Ohio-6188.

{¶7} In September 2013, Simmons filed a motion to vacate and set aside void sentence, which the trial court denied. It is from this judgment that Simmons now appeals.

<u>Untimely Petition for Postconviction Relief</u>

{¶8} This court has consistently maintained:

> A motion that is not filed pursuant to a specific rule of criminal procedure "must be categorized by a court in order for the court to know the criteria by which the motion should be judged." Where a criminal defendant, subsequent to a direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21.

St*ate v. Marks*, 8th Dist. Cuyahoga No. 99474, 2013-Ohio-3734, quoting *State v. Alexander*, 8th Dist. Cuyahoga No. 95995, 2011-Ohio-1380, ¶ 12; *see also State v. Kelly*,

8th Dist. Cuyahoga No. 97673, 2012-Ohio-2930, ¶ 11; *State v. Meincke*, 8th Dist. Cuyahoga No. 96407, 2011-Ohio-6473; *State v. Reynolds*, 79 Ohio St.3d 158, 160-161, 679 N.E.2d 1131 (1997).

{¶9}   R.C. 2953.21 through 2953.23 set forth the means by which a convicted defendant may seek to have the trial court's judgment or sentence vacated or set aside pursuant to a petition for postconviction relief.   A defendant's petition for postconviction relief is a collateral civil attack on his or her criminal conviction.   *See State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 48.   The statute affords relief from judgment where the petitioner's rights in the proceedings that resulted in his conviction were denied to such an extent the conviction is rendered void or voidable under the Ohio or United States Constitutions.   R.C. 2953.21(A); *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph four of the syllabus.

{¶10} A defendant, however, must file any motion to be considered pursuant to R.C. 2953.21 within the jurisdictional, 180-day time limit delineated in the statute.   R.C. 2953.21 provides that the petition must be filed within 180 days from the filing of the trial transcripts in the petitioner's direct appeal or, if a direct appeal was not pursued, 180 days after the expiration of the time in which a direct appeal could have been filed.   Simmons did not file his motion until well beyond the 180 days after the expiration of the time to file his direct appeal.

{¶11} R.C. 2953.23(A)(1) allows a trial court to entertain an untimely or successive petition only if: (1) the petitioner was unavoidably prevented from discovering the facts on

which the petition is predicated, or (2) the United States Supreme Court has recognized a new federal or state right that applies retroactively to the petitioner and the petition asserts a claim based on that new right. R.C. 2953.23(A)(1)(a). If the petitioner is able to satisfy one of these threshold conditions, he or she must then demonstrate that, but for the constitutional error at trial, no reasonable factfinder would have found him or her guilty of the offenses of which he was convicted. R.C. 2953.23(A)(1)(b).

{¶12} Therefore, unless it appears from the record that Simmons was unavoidably prevented from discovering facts upon which he relied in his petition, or the United States Supreme Court has recognized a new federal or state right that applies retroactively to him, and that but for constitutional error at trial, no reasonable factfinder would have found him guilty, we are bound to conclude the trial court was without jurisdiction to consider his petition for postconviction relief.

### Analysis

{¶13} Simmons does not even allege, let alone establish, any of the requirements necessary to bring an untimely petition for postconviction relief. Simmons does not claim that he was unavoidably prevented from discovering the facts upon which he relied in his petition. Nor has the United States Supreme Court recognized a new federal or state right that applies retroactively to Simmons. Thus, he does not meet the threshold requirements that are necessary before a trial court can consider his petition. Accordingly, the trial court was without jurisdiction to address his petition.

{¶14} Even overlooking Simmons's procedural problems with his petition, his

arguments still fail. Regarding his first assignment of error that he was not advised of his right to appeal, Simmons has failed to provide a transcript to this court. "In the absence of a record, the proceedings at trial are presumed correct." *State v. Brown*, 38 Ohio St.3d 305, 528 N.E.2d 523 (1988). As the Ohio Supreme Court stated in *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980):

> The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.

*Id.* at 199.

{¶15} Accordingly, without any record to review, we must presume regularity in the proceedings of the trial court and summarily reject appellant's assignment of error.

{¶16} With respect to his second assignment of error, where he argued that the trial court failed to properly advise him of postrelease control in a *previous* criminal case that led to his current having a weapon while under a disability conviction, we find this argument to be entirely without merit. Even if Simmons was not properly advised of postrelease control in his previous criminal case, which we cannot determine if he was because he did not provide a transcript of his previous sentencing hearing or a sentencing entry from that case, only the postrelease control portion of his sentence would be contrary to law; his previous conviction would stand. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332 ("[W]hen a judge fails to impose statutorily mandated

postrelease control as part of a defendant's sentence, that part of the sentence is void and must be set aside"). Thus, Simmons's argument is without merit.

{¶17} In his final assignment of error, he argues that the state did not prove the having a weapon while under a disability charge because he was not properly advised of postrelease control in his previous criminal case that led to his having a weapon while under a disability conviction. Again, even if his postrelease control was invalid in his previous criminal case, his conviction would stand.

{¶18} Accordingly, Simmons's assignments of error are without merit.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, ADMINISTRATIVE JUDGE

MARY EILEEN KILBANE, J., and
EILEEN T. GALLAGHER, J., CONCUR