[Cite as *State v. Soverns*, 2014-Ohio-4094.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101185**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## CURTIS D. SOVERNS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-06-482687-A

**BEFORE:** McCormack, J., Keough, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** September 18, 2014

**FOR APPELLANT**

Curtis D. Soverns, pro se
Inmate No. 514-355
Lorain Correctional Institution
2075 S. Avon-Belden Rd.
Grafton, OH 44044


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Joseph J. Ricotta
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Curtis D. Soverns was sentenced to 65 years in prison in 2006 after pleading guilty to rape and several other offenses. He did not file a direct appeal. Six years later, he filed a motion to withdraw his guilty plea, and the trial court denied it. For the following reasons, we affirm the trial court's judgment.

{¶2} In 2006, Soverns pled guilty to rape, kidnapping with sexual motivation, and aggravated robbery in connection with an incident where he abducted a young woman from Crocker Park in Westlake, drove her around, and repeatedly raped her. He received a 65-year prison term for his offenses.

{¶3} Soverns did not file a direct appeal. He filed a delayed appeal, pro se, in 2007, and again in 2009. This court denied it on both occasions. In 2013, he filed a motion, again pro se, to withdraw his guilty plea. The trial court denied it. Soverns now appeals from that decision. He raises two assignments of error:

> I. The trial court erred when it failed to inform the pleading defendant of his Constitutional Rights: In violation of Ohio Crim. Rules of procedure, Rule 11(c)[,] as well as the Due Process and Equal Protection Clauses under the Sixth and Fourteenth Amendments to the United States Constitution.

> II. Appellant's guilty plea was not voluntarily, knowingly or intelligently entered where the Trial Court failed to inform the Defendant of the maximum penalty involved: i.e. the sanction time for violation(s) of post release control.

{¶4} Unlike a presentence motion to withdraw a guilty plea, which is to be liberally granted, *State v. Boswell*, 121 Ohio St.3d 575, 2009-Ohio-1577, 906 N.E.2d 422, ¶ 1, a motion to withdraw a plea after a sentence is imposed must establish the existence

of "manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. In either case, such a motion is "addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court." *Smith* at paragraph two of the syllabus.

{¶5} Soverns argues that at the 2006 plea hearing, the trial court did not inform him that by pleading guilty he would be waiving his constitutional right to confront his accuser. He also argues the trial court did not explain the consequence of a violation of the terms of his postrelease control.

{¶6} Soverns did not provide a transcript of the plea hearing to support his claims. We note that an appellant bears the burden of providing the reviewing court with a transcript of the proceedings to demonstrate any claimed errors. *State v. Blashaw*, 8th Dist. Cuyahoga No. 98719, 2012-Ohio-6011, ¶ 12. "'When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *State v. Simmons*, 8th Dist. Cuyahoga No. 100638, 2014-Ohio-3038, ¶ 14, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

{¶7} In this case, the trial court's journal entry regarding Soverns's guilty plea stated that the defendant was fully advised in open court of his constitutional rights and penalties. Without the benefit of a transcript of the plea colloquy, we are unable to

assess whether the trial court failed to fully advise Soverns and created a "manifest injustice"; instead, we have no choice but to presume regularity in the plea proceeding. *Blashaw* at ¶ 13. *See also State v. Smith*, 8th Dist. Cuyahoga No. 94063, 2010-Ohio-3512; *State v. Whitaker*, 4th Dist. Scioto No. 10CA3349, 2011-Ohio-6923, ¶ 10 (appellant could not show that his guilty plea was unknowing when he failed to provide a copy of the plea hearing for appellate review).

{¶8} Finding no abuse by the trial court in denying Sovern's motion to withdraw his guilty plea, we affirm its judgment.

{¶9} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MARY EILEEN KILBANE, J., CONCUR