[Cite as *State v. Trem*, 2014-Ohio-4934.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101265**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JOSEPH TREM**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-94-312378-A

**BEFORE:**  S. Gallagher, P.J., Rocco, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**  November 6, 2014

**ATTORNEY FOR APPELLANT**

Edward M. Heindel
450 Standard Building
1370 Ontario Street
Cleveland, OH   44113

**Also listed:**

Joseph Trem, pro se
#303-512
P.O. Box 8107
Richland Correctional Institution
Mansfield, OH   44901


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Mary McGrath
Assistant Prosecuting Attorney
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, OH    44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant Joseph Trem appeals the decision of the Cuyahoga County Court of Common Pleas that denied his motion to withdraw guilty plea. For the reasons stated herein, we affirm the decision of the trial court.

{¶2} In July 1994, appellant was charged under a 39-count indictment with multiple counts of rape, gross sexual imposition, and endangering children. A majority of the counts related to sexual conduct against his own daughter from the time she was nine years old through her mid teens. Two of the gross sexual imposition charges related to appellant having his daughter engage in sexual activity with other individuals, who were her friends. Several counts also involved appellant's sexual conduct against one of those friends. Appellant initially entered a plea of not guilty to the indictment.

{¶3} In March 1995, appellant retracted his former plea of not guilty and entered a plea of guilty to rape of his daughter when under the age of 13, as amended under Counts 1 and 6 to delete the use of force; rape of his daughter as charged in Counts 11, 13, and 14; and gross sexual imposition as charged in Counts 30, 31, and 32. The remaining counts were nolled.

{¶4} The trial court sentenced appellant to a prison term of 10 to 25 years on Counts 1 and 6, to run consecutively to each other and concurrent to the remaining counts for which the court imposed a term of 10 to 25 years on Counts 11, 13, and 14, and two years each on Counts 30, 31, and 32, all running concurrently to each other. The aggregate prison term imposed was 20 to 50 years. Appellant did not file a direct appeal.

{¶5} In February 2014, nearly 19 years later, appellant filed a motion to withdraw guilty plea pursuant to Crim.R. 32.1. Appellant argued his primary reason for agreeing to enter a plea of guilty was his understanding that he would serve no more than 15 years of incarceration.

Appellant attached a copy of the sentencing transcript to his motion. The trial court denied the motion without a hearing. This appeal followed.

{¶6} Appellant's sole assignment of error claims the trial court erred by failing to address the issues raised by his motion and by failing to hold a hearing.

{¶7} Crim.R. 32.1 provides that "to correct manifest injustice[,] the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The defendant has the burden of proof, and postsentence withdrawal of a guilty plea is only available in extraordinary cases to correct a manifest injustice. *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1977); *State v. Sneed*, 8th Dist. Cuyahoga No. 80902, 2002-Ohio-6502. We review the trial court's decision under an abuse of discretion standard. *Smith* at 264.

{¶8} The record in this case reflects that appellant was sentenced to a total indefinite prison term of 20 to 50 years. Appellant claims he entered his plea with an understanding that the most time he would actually serve would be 15 years regardless of the actual sentence imposed. However, there is nothing to show that appellant did not know the actual sentencing possibilities at the time he entered his plea. Because appellant did not file a transcript of the plea hearing, we must presume regularity and the validity of the trial court's acceptance of his plea. *See State v. Soverns*, 8th Dist. Cuyahoga No. 101185, 2014-Ohio-4094, ¶ 6-7; *State v. Woody*, 8th Dist. Cuyahoga No. 92929, 2010-Ohio-72, ¶ 10.[1] *See State v. Mack*, 11th Dist. Portage No. 2005-P-0033, 2006-Ohio-1694, ¶ 17-19. Thus, we are unable to conclude that

---

[1] We note that this court issued an order granting appellant leave to supplement the record with the transcript of the plea hearing. In response, appellant filed a notice of unavailability of plea transcript, indicating that the transcript of the plea hearing no longer exists.

appellant did not fully understand the sentencing consequences of his guilty plea. We are also cognizant that in 1997, appellant filed a motion to correct sentencing journal entry, which sought to correct the judgment entry to accurately reflect the sentence imposed in open court, and no mention was made as to appellant only serving a 15-year prison term. Rather, it is apparent that appellant understood the actual sentence imposed was a total indefinite prison term of 20 to 50 years.

{¶9} Nonetheless, to support his claimed error, appellant relies upon the sentencing transcript. Appellant claims that it was his understanding that despite the imposition of an indefinite sentence, the most time he would actually serve was 15 years. However, there is nothing that would reflect this was a condition of the plea bargain. The record reflects that as indicted, appellant was facing numerous life terms for the rape of his daughter with force when she was under the age of 13. As the prosecutor represented, at that time, even if all counts had been run consecutive, appellant would have been "eligible" for parole by statute in 15 years. Therefore, the prosecutor requested that the court run at least two of the rape counts, which required an indefinite term of 10 to 25 years each, consecutive to ensure that "he will be in prison for 15 years before he is eligible for parole."

{¶10} Consistent with the prosecutor's request, the court proceeded to impose a minimum sentence of 10 years and a maximum of 25 years on Counts 1 and 6, to be run consecutively. As the court indicated, that resulted in a "20 year [minimum] sentence, which is in excess of the 15." Although the court did make misstatements resulting from an apparent misunderstanding of parole eligibility, by repeatedly indicating the most time appellant could serve was 15 years, this did not alter the indefinite prison term that was imposed or the validity of the plea that had already been entered.

**{¶11}** In *Hart v. Marion Corr. Inst.*, 927 F.2d 256 (6th Cir.1991), relied upon by appellant, the record included the plea transcript that showed appellant had been incorrectly informed that the maximum period of incarceration would only be 15 years before his plea was entered, and the defendant did not learn that the actual maximum period was 75 years until after he entered his plea. Unlike Hart, in this case, there is no indication that appellant did not have knowledge of the consequences of his plea, including the maximum sentence he could actually serve, at the time his plea was entered, and appellant has not shown a "manifest injustice" occurred. *See Soverns*, 8th Dist. Cuyahoga No. 101185, 2014-Ohio-4094, at ¶ 7.

**{¶12}** Further, we are cognizant that appellant filed his motion approximately 4 years after the expiration of 15 years. While Crim.R. 32.1 does not prescribe a time limitation for filing a postsentence motion to withdraw a plea, an undue delay in filing the motion adversely affects the credibility of the movant. *Smith*, 49 Ohio St.2d at 264, 361 N.E.2d 1324; *see also State v. Simmons*, 8th Dist. Cuyahoga No. 91062, 2009-Ohio-2028, ¶ 29. The fact that appellant waited an additional four years from when he asserts he believed he would be paroled before seeking relief from the claimed error undermines his credibility in pursuing his claim. We find no abuse of discretion by the trial court in denying appellant's motion to withdraw his guilty plea.

**{¶13}** Finally, because the record and the evidentiary materials submitted by appellant failed to demonstrate a manifest injustice, the trial court was not required to hold a hearing on his motion to withdraw guilty plea. *See State v. Rogers*, 8th Dist. Cuyahoga No. 99246, 2013-Ohio-3246, ¶ 29. Accordingly, we do not find that the trial court abused its discretion in ruling on appellant's motion without conducting a hearing.

**{¶14}** Appellant's sole assignment of error is overruled.

**{¶15}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
MARY EILEEN KILBANE, J., CONCUR
.