[Cite as *State v. Diaz*, 2023-Ohio-1045.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellant,        :
                                No. 111794

    v.                          :

JOEL DIAZ,                              :

    Defendant-Appellee.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** March 30, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-660353-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Daniel T. Van, Assistant Prosecuting
Attorney, *for appellant.*

Cullen Sweeney, Cuyahoga County Public Defender, and
Francis Cavallo, Assistant Public Defender, *for appellee.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Appellant, the state of Ohio appeals the felony prison sentence imposed on appellee Joel Diaz ("Diaz") because the trial court did not impose an indefinite sentence pursuant to the Reagan Tokes Law as defined in R.C. 2901.111.

For the following reasons, we reverse the judgment of the trial court and remand this matter for further proceedings.

{¶ 2} On June 27, 2022, Diaz entered guilty pleas to involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, having weapons while under disability, a violation of R.C. 2923.13(A)(3), a felony of the third degree, and drug possession in violation of R.C. 2925.11(A), a felony of the fourth degree. On July 26, 2022, the trial court sentenced Diaz to a 10-year prison term for involuntary manslaughter, a 30-month prison term for having weapons while under disability, and a 12-month prison term for drug possession, all sentences to be served concurrently. In addition to imposing sentence, the trial court found that the indefinite sentencing requirements of S.B. 201, otherwise known as the Reagan Tokes Law, were unconstitutional.

{¶ 3} The state appealed the sentence imposed and filed a record pursuant to App.R. 9(A). In its appeal, the state raises a single assignment of error, which reads:

> The trial court plainly erred when it found S.B. 201 to be unconstitutional and did not impose an indefinite sentence pursuant to S.B. 201.

The state asks this court to find the sentence imposed for involuntary manslaughter to be contrary to law on the authority of this court's en banc decision in *State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 538 (8th Dist.). Diaz asserts that the Reagan Tokes Law violates his right to a jury trial, his due process rights, and the separation-of-powers doctrine. Diaz also asserts that he was not advised of an indefinite

sentence at the time of his plea and asks that if this court sustains the state's assignment of error, we allow him an opportunity to withdraw his plea.

{¶ 4} Diaz was sentenced for involuntary manslaughter, a felony of the first degree subject to an indefinite sentence under the Reagan Tokes Law. The Reagan Tokes Law provides that first- and second-degree felonies are qualifying offenses subject to an indefinite sentencing scheme. R.C. 2929.14. When imposing prison terms for offenders with qualifying offenses, sentencing courts are to impose an indefinite sentence by imposing a stated minimum prison term as provided in R.C. 2929.14(A)(2)(a) and an accompanying maximum prison term as provided in R.C. 2929.144(B). Pursuant to this court's en banc decision in *Delvallie*, we find the sentence imposed for involuntary manslaughter in this case to be contrary to law.

{¶ 5} Diaz asserts in his brief that at the time he entered his plea, the trial court did not properly advise him under the Reagan Tokes Law, asking that his plea be vacated. This request asks us to modify the judgment of the trial court. However, Diaz did not appeal his convictions, nor did he file a cross-appeal. App.R. 3(C)(1), provides in relevant part that "an appellee who seeks to change the order or, in the event the order is reversed or modified, an interlocutory ruling merged into the order, shall file a notice of cross appeal with the clerk of the trial court." Without an appeal or cross-appeal, we are without jurisdiction to consider or modify the trial court's judgment based upon Diaz's argument.[1] *Hirt's Greenhouse v. Strongsville*,

---

[1] Moreover, the record in this appeal was filed pursuant to App.R. 9(A) without a transcript. The trial court's journal reflects Diaz was "fully advised in open court of his/her constitutional rights and penalties." June 27, 2022 Journal Entry. "'When portions of the

8th Dist. Cuyahoga No. 68374, 1995 Ohio App. LEXIS 3851, at 5-6 (Sept. 7, 1995); *Saxton v. Navistar, Inc.*, 2013-Ohio-352, 986 N.E.2d 611, ¶ 18 (10th Dist.) ("Because no separate notice of appeal was filed with respect to such argument pursuant to App.R. 3(C)(1), we find it is not properly before us.").

{¶ 6} Accordingly, we sustain the state's sole assignment of error, vacate the 10-year prison sentence imposed for involuntary manslaughter, and remand this matter to the trial court for the purpose of imposing an indefinite sentence in accordance with law.

{¶ 7} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

---

transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *State v. Simmons*, 8th Dist. Cuyahoga No. 100638, 2014-Ohio-3038, ¶ 14, quoting *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

A certified copy of this entry shall constitute the mandate pursuant to

Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, A.J., and
EILEEN T. GALLAGHER, J., CONCUR

N.B. Administrative Judge Anita Laster Mays is constrained to apply *Delvallie's* en banc decision. For a full explanation of her analysis, *see State v. Delvallie*, 2022-Ohio-470, 185 N.E.3d 536 (8th Dist.) (Laster Mays, J., concurring in part and dissenting in part).

Judge Eileen T. Gallagher joined the dissent by Judge Lisa B. Forbes in *Delvallie* and would have found that R.C. 2967.271(C) and (D) of the Reagan Tokes Law are unconstitutional.